IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

EMMANUEL O. OSUCHUKWU :
:
v. :
: Civil Action No. CCB-10-1894
RUTHIE ROUSE, et al. :
:

...o0o...

# MEMORANDUM

Plaintiff Emmanuel O. Osuchukwu has sued defendants Ruthie Rouse, Lennard Deans,[1] and Walter Walden for violations of the Labor Management Reporting and Disclosure Act ("LMRDA"). Osuchukwu and the defendants are members of the United Union of Security Guards ("UUSG"). Rouse is the president of the UUSG, Dean is the vice president, and Walden is the chairman of the union's election committee. Osuchukwu is a candidate for election to the office of president of the union. ("Petition to Stop Election," Docket Entry No. 1, hereinafter "Compl.")

Osuchukwu filed suit *pro se* against Rouse, Dean and Walden on July 13, 2010, claiming they violated the LMRDA in connection with this year's UUSG election and Osuchukwu's candidacy for that election by (1) overstaying their elected term, (2) disallowing certain union members from serving on the election committee, (3) failing to maintain the anonymity of secret ballots, (4) disqualifying certain union members from voting, (5) denying Osuchukwu access to union membership lists, and (6) using union funds to promote the incumbents' candidacies.

---

[1] Osuchukwu's complaint lists Mr. Deans's name as Lynnard Dean. The correct spelling is apparently Lynnard Deans. (*See* Defs.' Mem. at 1.)

(Compl. ¶1, 3.) He also alleges that the incumbents have delayed the signing of a collective bargaining agreement "against the wishes of members." (*Id.* ¶2.) He requests, *inter alia*, that the court order the defendants not to mail the secret ballots, to hold a new election supervised by the Secretary of Labor, and to grant Osuchukwu access to the union membership list. He also requests that all contracts entered by the incumbents after the expiration of their elected term in June 2010 be declared void.

The defendants moved to dismiss pursuant to Rule 12(b)(6) on August 20, 2010. The issues in this case have been fully briefed and no oral argument is necessary. *See* Local Rule 105.6 (D. Md. 2010). For the reasons stated below, the defendants' motion to dismiss will be granted.

## **STANDARD OF REVIEW**

"[T]he purpose of Rule 12(b)(6) is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (internal quotation marks and alterations omitted) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). When ruling on such a motion, the court must "accept the well-pled allegations of the complaint as true," and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). "Even though the requirements for pleading a proper complaint are substantially aimed at assuring that the defendant be given adequate notice of the nature of a claim being made against him, they also provide criteria for defining issues for trial and for early disposition of inappropriate complaints." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009).

To survive a motion to dismiss, the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and alterations omitted). Thus, the plaintiff's obligation is to set forth sufficiently the "grounds of his entitlement to relief," offering more than "labels and conclusions." *Id.* (internal quotation marks and alterations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, -- U.S. --, 129 S. Ct. 1937, 1950 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).

## ANALYSIS

Osuchukwu alleges violations of Title I and Title IV of the LMRDA.[2] Title I, 29 U.S.C. §§ 411-415, "provides a statutory 'Bill of Rights' for union members, including various protections for members involved in union elections, with enforcement and appropriate remedies available in district court." *Local No. 82, Furniture and Piano Moving, Furniture Store Drivers v. Crowley*, 467 U.S. 526, 528 (1984). In contrast, Title IV, 29 U.S.C. §§ 481-483, "provides an elaborate postelection procedure aimed solely at protecting union democracy through free and democratic elections, with primary responsibility for enforcement lodged with the Secretary of Labor." *Crowley*, 467 U.S. at 528. The rights secured by the two titles sometimes overlap, such as where a union member alleges that a union violated Title I rights during the course of a union election. *See id.* at 540 (analyzing "how the exclusivity of Title IV's remedial scheme for enforcing rights guaranteed by that Title might affect remedies available to enforce other rights,

---

[2] Courts liberally construe pleadings filed by *pro se* litigants. *See, e.g.*, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982). Here, while Osuchukwu has not cited specific provisions of the LMRDA in connection with his allegations, the complaint provides sufficient detail and references to the language of the statute to indicate that his claims arise under Titles I and IV of the LMRDA.

3

such as those protected by Title I"). Given this overlap, for those allegations for which Osuchukwu's complaint is ambiguous as to which title was allegedly violated, the court will examine the claim under both Title I and Title IV.

As an initial matter, Osuchukwu's allegation that the incumbents have delayed the signing of a collective bargaining agreement for a Federal Drug Administration site in Silver Spring "against the wishes of members" (Compl. ¶2) does not state a claim under the LMRDA. The allegation does not involve discrimination among union members under 29 U.S.C. § 411(a)(1), impairment of his freedom of speech or assembly under § 411(a)(2), or any other right secured by Title I, Title IV, or any other title of the LMRDA. Accordingly, insofar as paragraph two of Osuchukwu's complaint attempts to allege an LMRDA violation, it will be dismissed for failure to state a claim on which relief can be granted.

To the extent Osuchukwu's allegations fall under Title I of the LMRDA, those claims are premature. Under Title I, a union may require a member "to exhaust reasonable hearing procedures (but not to exceed a four-month lapse of time) within such organization, before instituting legal or administrative proceedings against such organizations or any officer thereof." 29 U.S.C. § 411(a)(4). The exhaustion requirement applies to all Title I remedies, including those that would otherwise be permissible during the course of a union election. *See Crowley*, 467 U.S. at 543, 546 (concluding that union members may pursue Title I remedies, during union elections, that will not "substantially delay[] or invalidat[e] an ongoing election"). Here, the UUSG is governed by the UUSG Constitution and By-Laws. (*See* Defs.' Mot. to Dismiss, Ex. 1.)[3] Article VI(D) of the Constitution and By-Laws provides, "No member of this Union is

---

[3] A court may consider a document not attached to the complaint, without converting the motion to one for summary judgment, "if the document was integral to and explicitly relied on in the complaint and if the plaintiffs do not challenge its authenticity." *CACI Int'l, Inc. v. St. Paul Fire and Marine Ins. Co.*, 566 F.3d 150, 154 (4th Cir. 2009). Here, Osuchukwu explicitly relied on the UUSG Constitution in his complaint, and has not challenged the

authorized to file any suit or bring any action without first complying with, and exhausting all internal organizational remedies." Article XI(E) sets forth the procedure for protesting a union election:

> A candidate for office and/or any member of the Union may protest any election by presenting a complaint in writing, first to the Election Committee for resolution. If the candidate and/or any other member do not agree with the Election Committee's resolution it may then be brought before the Board of Directors for a final decision, which may require such proof as this Board may deem to be appropriate to make a fair and impartial decision. After a decision is rendered by the Board of Directors, the complaining party is authorized to pursue available statutory remedies.

Osuchukwu has not alleged that he has followed the procedure set forth in Article XI(E). Instead, he has filed a complaint in this court styled as a "Protest to Stop Election." Accordingly, insofar as Osuchukwu seeks relief under Title I, he has not stated claims on which relief can be granted.

Title IV of the LMRDA sets forth rules concerning the terms of office of union officials and procedures for the election of such officials. Title IV's function in furthering the overall goals of the LMRDA is to insure "free and democratic elections" for union officers. *Crowley*, 467 U.S. at 528. Unlike under Title I, individual union members generally may not sue their union or union officials for violations of Title IV. Instead, with one exception discussed below, Title IV lodges sole enforcement responsibility with the Secretary of Labor. *See* 29 U.S.C. § 482. Under Title IV's enforcement mechanism, a member of a labor organization may, upon "exhaust[ing] the remedies available under the constitution and bylaws of such organization and of any parent body," 29 U.S.C. § 482(a)(1), file a complaint with the Secretary of Labor. *Id*. § 482(a).[4] If the Secretary finds probable cause to believe a violation occurred, then the

---

authenticity of the UUSG Constitution attached as an exhibit to the defendants' motion to dismiss. Accordingly, the court will consider the UUSG Constitution in evaluating the motion to dismiss.

[4] The exhaustion of internal union remedies is excused only where the member "has invoked such available remedies without obtaining a final decision within three calendar months after their invocation." *Id*. § 482(a)(2).

Secretary—not the union member—may sue the union to set aside the invalid election. *Id.* § 482(b); *id.* § 483 ("The remedy provided by this subchapter for challenging an election already conducted shall be exclusive.") "Reliance on the discretion of the Secretary [to enforce Title IV] is in harmony with the general congressional policy to allow unions great latitude in resolving their own internal controversies, and, where that fails, to utilize the agencies of Government most familiar with union problems to aid in bringing about a settlement through discussion before resort to the courts." *Calhoon v. Harvey*, 379 U.S. 134, 140 (1964).

Here, Osuchukwu makes various allegations, most of which could be characterized as alleged violations of Title IV. He alleges the defendants overstayed their elected term (Compl. ¶1(a)), arguably an alleged violation of 29 U.S.C. §481(b); disallowed certain union members from serving on the election committee (Compl. ¶1(b)), failed to maintain the anonymity of secret ballots (Compl. ¶1(c)), and disqualified certain union members from voting (Compl. ¶1(d)), arguably alleged violations of 29 U.S.C. §481(e); and used union funds to promote the incumbents' candidacies (Compl. ¶3), arguably an alleged violation of 29 U.S.C. §481(g). To the extent these allegations constitute claims under Title IV, they are judicially enforceable only in a suit by the Secretary of Labor. Moreover, to the extent they may also constitute claims under Title I, Osuchukwu has not fulfilled that title's exhaustion requirements, as discussed above. Therefore, these claims will be dismissed for failure to state a claim on which relief can be granted.

As stated above, there is "one exception" to Title IV's bar on private suits by union members. *Calhoon*, 379 U.S. at 140 & n.13. Under 29 U.S.C. § 481(c), a "bona fide candidate for office" may sue a union and/or its officers to force them to comply with "all reasonable

requests" to distribute campaign literature and to refrain from discrimination among candidates with respect to the distribution of such literature. Section 481(c) continues:

> Every bona fide candidate shall have the right, once within 30 days prior to an election of a labor organization in which he is a candidate, to inspect a list containing the names and last known addresses of all members of the labor organization who are subject to a collective bargaining agreement requiring membership therein as a condition of employment.

Osuchukwu alleges the defendants violated this provision of § 481(c). (Compl. ¶1(e).)

While the language of the LMRDA clearly precludes the other claims discussed above, either because of the exhaustion requirements of Title I or the absence of a private right of action for most rights secured under Title IV, the LMRDA does not clearly indicate whether Osuchukwu may sue the defendants for this alleged violation of § 481(c) at this time. Assuming § 481(c) is exempt from 29 U.S.C. § 483, *see Crowley*, 467 U.S. at 540 n.15; *Calhoun*, 379 U.S. at 140 n.13, the section would also have to be exempt from § 482(a), which requires a union member to "exhaust[] the remedies available under the constitution and bylaws" of a union before filing a complaint with the Secretary of Labor. Moreover, the right would only apply if the UUSG election has not yet begun, because the provision of § 481(c) Osuchukwu invokes applies only in the thirty days "prior to an election." *Id.* § 481(c). Finally, in any event, it is unlikely Osuchukwu is entitled to a remedy under § 481(c), because he does not allege that he requested to inspect the list and was turned down. *Cf. Int'l Org. of Masters v. Brown*, 498 U.S. 466, 469 (1991). In fact, he seems to concede in his response to the motion to dismiss that he did, in the end, receive the list. (*See* Pl.'s Resp. at 4.)

Under the circumstances and in light of the lack of clarity of the right to a remedy under the second sentence of § 481(c) in a private suit without exhausting internal union procedures, his § 481(c) claim also will be dismissed without prejudice.

7

## **CONCLUSION**

For the foregoing reasons, the defendants' motion to dismiss will be granted.


October 29, 2010                      /s/
Date                                        Catherine C. Blake
                                             United States District Judge